UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF PHILADELPHIA,<br><br>                             Plaintiff,<br><br>               -against-<br><br>AISHA ASHA BRADLEY,<br><br>                             Defendant. | 24-CV-7703 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Defendant, who is appearing *pro se*, has removed to this Court a 2023 civil tax action that was pending in the Court of Common Pleas of Philadelphia County, under Case No. 2305T0155.[1] The City of Philadelphia brought this action against Defendant Aisha Bradley seeking delinquent real estate taxes for a property at 800 Seffert Street in Philadelphia. Defendant previously removed this civil tax action to the United States District Court for the Eastern District of Pennsylvania, which remanded it. *See City of Philadelphia v. Bradley*, No. 24-CV-0016, 2024 WL 406757, at *1 (E.D. Pa. Feb. 2, 2024). For the reasons set forth below, the action is remanded to the Court of Common Pleas of Philadelphia County.[2]

## STANDARD OF REVIEW

A defendant in a state court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-

---

[1] On the same day that Defendant brought this action, she filed two other Notices of Removal of cases pending in Pennsylvania. *City of Philadelphia v. Bradley*, No. 24-CV-7706 (LTS) (S.D.N.Y. filed Oct. 3, 2024); *City of Philadelphia v. Bradley*, No. 24-CV-7606 (LTS) (S.D.N.Y. filed Oct. 3, 2024). Defendant nevertheless references multiple state court actions in each of the Notices of Removal.

[2] Defendant has not paid the filing fees to remove this action. Because the action is being remanded, and no *in forma pauperis* application has been submitted, the Court does not consider whether Defendant qualifies to proceed *in forma pauperis*.

court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may remand an action *sua sponte* within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## DISCUSSION

Removal of this case is improper for multiple reasons. First, a notice of removal must be filed within 30 days of the defendant's receipt of a pleading, motion, or other paper indicating grounds for removal. 28 U.S.C. § 1446(b)(1).[3] This action was already pending in the Court of Common Pleas in 2023. The Notice of Removal filed on October 3, 2024, was therefore brought well beyond the 30-day deadline, and the Court concludes that the removal of this action was untimely.

---

[3] "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Nothing in the Notice of Removal suggests that this rule applies, and the removal in any event suffers from other incurable defects.

Second, removal is proper only to the federal court embracing the district where the state action is pending. 28 U.S.C. § 1441(a). This action was pending in the Court of Common Pleas of Philadelphia County, which is in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a). Removal of a case pending in Philadelphia to the Southern District of New York is therefore improper.

Third, Defendant cannot remove this action to federal court, under 28 U.S.C. § 1441(c), on the basis of defenses or counterclaims arising under federal law. In the context of removal, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotation marks and citations omitted). A federal defense or counterclaim does not provide a basis for removal. *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003) (holding that a federal law defense or counterclaim is not a proper foundation for removal of a case from state to federal court); *City of Rome, N.Y. v. Verizon Commc'ns Inc.*, 362 F.3d 168, 175 (2d Cir. 2004) (holding that "[t]he mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach"). Defendant does not meet her burden, as the party seeking removal, of showing that the City of Philadelphia's civil action against her in state court for delinquent real estate taxes arises under federal law.

Moreover, Defendant was already put on notice of this deficiency. When Defendant removed this same civil tax action to the United States District Court for the Eastern District of Pennsylvania, the district court explained in the remand order that Defendant's crossclaims and counterclaims – brought against Philadelphia, the Commonwealth of Pennsylvania, several state judges, prosecutors, and state court employees, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 and various state and federal criminal statutes – could not provide a basis for subject

3

matter jurisdiction.[4] *See Bradley*, No. 24-CV-0016, 2024 WL 406757, at *2-4. Defendant was therefore on notice before she removed this action that she could not create subject matter jurisdiction for purposes of removal based on her federal defenses, crossclaims, or counterclaims. The Court therefore warns Defendant that continuing this pattern of filing improper Notices of Removal may result in an order barring her from proceeding *in forma pauperis* in this court without first obtaining permission from the court to bring such an action. See 28 U.S.C. § 1651.

For all of these reasons, removal of this action is improper, and the Court directs that this matter be remanded to the Court of Common Pleas. 28 U.S.C. § 1447(c).

## CONCLUSION

Because removal of this action is improper, this action is remanded, under 28 U.S.C. § 1447(c), to the Court of Common Pleas of Philadelphia County. The Clerk of Court is directed to send a copy of this order to that court at the following address: Court of Common Pleas, City Hall, 1400 John F. Kennedy Blvd., Philadelphia, PA 19107.

The Clerk of Court is further directed to terminate all pending applications and close this action.

---

[4] Defendant Bradley was also unsuccessful in removing to federal court other matters pending in the Court of Common Pleas. *See City of Philadelphia v. Bradley*, No. CV 24-15, 2024 WL 406755, at *1 (E.D. Pa. Feb. 2, 2024) (Case No. 1594); *City of Philadelphia v. Bradley*, No. 24-CV-0015, 2024 WL 406755, at *1 (E.D. Pa. Feb. 2, 2024) (Case No. 2305T0156).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 15, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge